IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**NATHANIEL M.,**
**Appellant Below, Petitioner**

**v.) No. 24-ICA-356**  (W. Va. Off. of Inspector Gen. Bd. of Rev. Case No. 24-BOR-2528)

**WEST VIRGINIA DEPARTMENT OF**
**HUMAN SERVICES BUREAU FOR**
**CHILD SUPPORT ENFORCEMENT,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Nathaniel M.[1] appeals the August 8, 2024, dismissal order of the West Virginia Office of Inspector General Board of Review ("Board of Review"). Respondent West Virginia Department of Human Services Bureau for Child Support Enforcement ("BCSE") filed its response.[2] Nathaniel M. filed a reply. The issue on appeal is whether the Board of Review erred in dismissing Nathaniel M.'s administrative appeal for lack of jurisdiction over the calculation of interest on Nathaniel M.'s child support arrearage.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board of Review's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter is related to a separate appeal previously addressed by this Court. In 24-ICA-113, Nathaniel M. appealed the Family Court of Berkeley County's March 1, 2024, Final Order of Modification which retroactively increased Nathaniel M.'s child support obligation from $250.00 per month to $483.00 per month effective June 1, 2023, and to $729.00 per month for the months of September 1, 2022, through May 31, 2023, less payments made. Ultimately, this Court affirmed the family court in a memorandum

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In Re K.H.*, 235 W. Va. 254, 256 n.1, 773 S.E.2d 20, 22 n.1 (2015).

[2] Nathaniel M. is self-represented. The BCSE is represented by Mark L. French, Esq.

decision. *See Rebecca M. v. Nathaniel M.*, No. 24-ICA-113, 2024 WL 5001488, at *4 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision).

The instant appeal concerns the interest accrued on the retroactive child support ordered by the family court in its March 1, 2024, Final Order of Modification. Following entry of that order, the BCSE sent Nathaniel M. a notice that his balance as of March 31, 2024, was $4,041.89 in unpaid child support principal and $192.80 in child support interest. Due to this arrearage, on April 23, 2024, at the request of the BCSE, the circuit clerk issued the necessary documents to place a lien on the personal property of Nathaniel M.

On June 18, 2024, Nathaniel M. requested a hearing with the Board of Review. The hearing request form indicates that Nathaniel M. "wants BCSE to change method of calculating interest in his case without waiting for Intermediate Court of Appeals on related issues and wants the BCSE to release the lien filed against him/not file any liens."

On July 3, 2024, the Board of Review issued its Notice of Scheduling Conference which set a scheduling hearing for July 26, 2024. On July 11, 2024, the BCSE moved to dismiss the request for hearing on the basis that the calculation of interest was not an issue that the Board of Review could hear. Nathaniel M. responded to the motion to dismiss. BCSE replied. Nathaniel M. responded to the reply.

The Board of Review issued the order on appeal on August 8, 2024. The order notes that a motions hearing was set for August 7, 2024, but Nathaniel M. did not appear and therefore surrendered his opportunity to orally argue the issue. The Board of Review concluded that it lacked jurisdiction to hear a challenge to an interest calculation based upon a child support arrearage.

This appeal is governed by the following standard of review:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 16B-2-2(c) (2024) (designating West Virginia Code § 29A-5-4 as governing standard of review for Board of Review appeals); W. Va. Code § 49-4-601b(b) (2023) (a person has right to appeal Board of Review decision to court designated under West Virginia Code § 29A-5-1 to -5).

On appeal, Nathaniel M. raises five assignments of error. However, because they are closely related, we will combine them for our review. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error). As mentioned previously, the issue on appeal is whether the Board of Review erred in dismissing Nathaniel M.'s administrative appeal due to lack of jurisdiction.

The *Common Chapters Manual*, Subpart C, governs hearings concerning the BCSE held within the Office of Inspector General by the Board of Review. *Common Chapters Manual* § 730.19(A)(3) states that a request for hearing may be dismissed by the Board of Review if "[t]he reason for the request does not fall within the allowable reasons listed in Section 730.13(B)."

*Common Chapters Manual* § 730.13(B) lists the following as reasons for hearing:

1. An application for child support services has been acted upon erroneously, or not acted upon with reasonable promptness;

2. Appellant believes that child support payments, including payments owed to the Appellant due to Department error, are not being issued with reasonable promptness;

3. Appellant believes that child support collections have not been distributed or disbursed correctly or questions the accuracy of the arrears owed to the Department at the termination of WV WORKS assistance;

4. Appellant disagrees with the Department's decision to close the child support case; or

5. Appellant believes that the Department has failed to take action against an employer for failure to promptly forward payments withheld from the absent parent's wages.

3

Here, as mentioned previously, Nathaniel M. requested a hearing because he wanted BCSE to change the method used for calculating interest in his case.[3] However, as found by the Board of Review, Nathaniel M.'s request does not implicate any of the reasons for hearing listed in *Common Chapters Manual* § 730.13(B). Accordingly, based upon our review of the record on appeal and the *Common Chapters Manual,* the Board of Review does not have jurisdiction over child support interest charges and did not err in dismissing Nathaniel M.'s request for hearing. Further, this Court concludes that the decision was not in violation of constitutional or statutory provisions; in excess of the statutory authority or jurisdiction of the agency; made upon unlawful procedures; affected by other error of law; clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.[4]

Therefore, based on the foregoing, we affirm the Board of Review's August 8, 2024, dismissal order.

Affirmed.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[3] The Court notes that interest on child support arrearages is set by statute. *See* W. Va. Code § 48-1-204 (2011) (In part, "[t]he amount of unpaid support shall bear interest from the date it accrued, at a rate of five percent per annum.")

[4] We are unpersuaded by Nathaniel M.'s various arguments regarding the Board of Review's dismissal of his request for hearing without holding a hearing with him present. Nathaniel M. cites to no authority to support his proposition that the Board of Review is required to hold a hearing prior to dismissal when Nathaniel M. failed to put forth an appropriate reason for requesting a hearing and further, Nathaniel M. does not explain how he was prejudiced when the matter was fully briefed by both parties before the Board of Review made its decision.